UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
|    FRANCES SCARBOROUGH, | : | |
| | : | |
|            Debtor(s) | : | Bky. No. 08-14284ELF |

## M E M O R A N D U M

**I.**

Frances Scarborough ("the Debtor") filed the above-captioned chapter 13 bankruptcy case on July 1, 2008.[1] Two matters are presently pending:

(1) Chase Home Finance LLC's Application for an Order Confirming That No Automatic Stay Is in Effect with Respect to Real Property Located at 5116 N. Warnock Street, Philadelphia, PA ("Chase's Application"); and

(2) The Debtor's Motion to Extend Automatic Stay ("the Debtor's Motion"), also filed on July 16, 2008.

Chase's Application was filed on July 16, 2008. The Debtor's Motion is scheduled for a hearing on August 7, 2008.

For the reasons set forth below, I will grant Chase's Application and deny the Debtor's Motion.

**II.**

Two (2) subsections of 11 U.S.C. §362(c) are pertinent to Chase's Application and the Debtor's Motion. First, §362(c)(4)(A)(i) provides that "the stay under subsection (a) shall not go

---

[1] Ms. Scarborough is no stranger to this court. For a complete history of Ms. Scarborough's bankruptcy filings from October 13, 1992 through September 10, 2007, see In re Scarborough, 2007 WL 3165544, at *1-2 (Bankr. E.D. Pa. Oct. 25, 2007).

into effect upon the filing of [a new bankruptcy case]" if "two or more single or joint cases of the debtor were pending within the previous year but were dismissed." 11 U.S.C. §362(c)(4)(A)(i).[2] Second, §362(c)(4)(A)(ii) provides that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." 11 U.S.C. §362(c)(4)(A)(ii).

Here, the Debtor had two cases pending within the previous year and both cases were dismissed. First, on September 5, 2007, the court dismissed the chapter 13 bankruptcy case that the Debtor filed in 2001. See Bky. No. 01-35194 (docket entry no. 283). Second, on November 27, 2007, the court dismissed the chapter 13 case that the Debtor filed in 2007. See Bky. No. 07-15269 (docket entry no. 49).[3]

Consequently, under the plain language of §362(c)(4)(A)(i), the automatic stay under 11 U.S.C. §362(a) did not go into effect when the Debtor filed the current case. Furthermore, under §362(c)(4)(A)(ii), Chase is entitled to the entry of an order confirming that no stay is in effect. Therefore, I must grant Chase's Application.

Logically, if the automatic stay did not go into effect when this case was filed, there is no automatic stay to "extend" under 11 U.S.C. §362(c)(3). Accordingly, on its face, the Debtor's Motion is without merit. In these circumstances, I see no point in holding the August 7, 2008 hearing on the Debtor's Motion. I will enter an Order denying the Debtor's Motion. See Fed. R. Bankr. P. 1001 (instructing court to construe rules of procedure "to secure the just, speedy, and

---

[2] This provision is subject to an exception that is not relevant here.

[3] A bankruptcy court may take judicial notice of the docket entries and orders entered in prior bankruptcy cases filed by a debtor. See In re Madera, 2008 WL 351446, at*1 & n.1(Bankr. E.D. Pa. Feb. 7, 2008); In re Dawson, 2007 WL 4190772, at *1 n.3 (Bankr. E.D. Pa. Nov. 20, 2007).

inexpensive determination of every case and proceeding").

## IV.

An Order consistent with this Memorandum will be entered.

Date: __July 21, 2008__  
                                      **ERIC L. FRANK**  
                                      **U.S. BANKRUPTCY JUDGE**

cc: Frances Scarborough  
    5116 North Warnock Street  
    Philadelphia, PA 19141